UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Log House Foods, Inc.,

    Plaintiff,

vs.

Nestlé USA, Inc.,

    Defendant.

Court File No. _____

**COMPLAINT FOR**
**DECLARATORY JUDGMENT**

Plaintiff Log House Foods, Inc., for its Complaint against Defendant Nestlé USA, Inc., alleges and states as follows:

## NATURE OF THE ACTION

1.    This is an action for a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 for the purpose of determining questions of actual controversy between the parties relating to the Lanham Act, 15 U.S.C. § 1051 *et. seq.*, along with associated common law or State law claims.

## PARTIES

2.    Plaintiff Log House Foods, Inc. ("Log House") is a Minnesota corporation with its principal place of business located at 700 North Berkshire Lane, Plymouth, MN 55441.

3.    Defendant Nestlé USA, Inc. ("Nestlé") is a Delaware corporation with corporate offices at 800 North Brand Boulevard, Floor 16, Glendale, CA 91203. Nestlé sells products throughout the United States, including in the State of Minnesota.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. § 1331. The declaratory relief claims herein arise under the federal Lanham Act. In addition, this Court has supplemental jurisdiction over associated State or common law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district, including but not limited to Log House's activities with respect to its packaging and sales of baking chips and Log House's receipt at its offices in this district of the correspondence from Nestlé that gives rise to the declaratory judgment claims.

## FACTUAL BACKGROUND

6. Log House has, for more than 40 years, sold baking chips in packages that utilize LOG HOUSE® trademarks to denote the source of the products. Over the years, Log House has utilized hues of yellow in connection with its baking chip packages. In 2005, Log House implemented design changes in its packaging of the baking chips it sells. From that point forward, LOG HOUSE® semi-sweet chocolate chips and LOG HOUSE® butterscotch flavored chips have been sold in packages that utilize hues of yellow as background colors. Other flavors of chips are sold in packages that have different background colors. Log House's baking chips have been sold through national retailers, wholesalers, and distributors.

7. Nestlé also sells baking chips. It has utilized packaging that employs a different hue of yellow than the hues currently used by Log House in connection with its baking chips. Nestlé's baking chip packages also display both NESTLÉ® and TOLL HOUSE® marks.

8.   On information and belief, Nestlé has been specifically aware of Log House's packaging of its baking chips both before and after the packaging design changes that Log House implemented in 2005. Counsel for Nestlé wrote to Log House in late 2000 to complain about Log House's use of its LOG HOUSE® trademark and a yellow package in connection with sales of baking chips. Log House responded to that correspondence by providing information about the length of use of LOG HOUSE® marks and of yellow packaging for baking chip products. It denied Nestlé's contentions that Log House's baking chip packaging caused any consumer confusion or violated 15 USC § 1114 or § 1125(a) or (c). Nestlé took no further action on its complaints after receiving Log House's response in 2000. Until recently, there had been no further communications between the parties about the subject. Copies of the above-described 2000 correspondence are attached hereto as **Exhibit A** and by reference made a part hereof.

9.   A number of third-party sellers of baking chips have for many years used and continue today to use yellow packaging in connection with their respective semi-sweet chocolate baking chips offered for sale by them. On information and belief, Nestlé has not objected to the packaging employed by said third parties.

10.   In late 2005, Log House redesigned the packaging for its baking chips. All of its baking chip packages incorporate the same general design features. However, different color packages are used to denote different types of chips. For example, Log House's packaging for chocolate flavored chips is a brown color; its packaging for semi-sweet chocolate chips is a light yellow color; its packaging for cherry flavored chips is a red color; its packaging for vanilla flavored chips is a blue color; and its packaging for butterscotch flavored chips is a butterscotch hue of yellow. An example of Log House's semi-sweet chocolate package is attached hereto as **Exhibit B-1** and by reference made a part hereof. Historically, the background of the packaging

3

also included polka dots but, recently, the packaging was printed with a solid yellow background. An example of that packaging is attached hereto as **Exhibit B-2** and by reference made a part hereof.

11. Log House has for several years sold cherry flavored baking chips to Wal-Mart. Those chips are sold in the packaging which appears as **Exhibit C** and by reference is made a part hereof. As noted, the package design is a red version of the package used in connection with semi-sweet chocolate chips, except to the extent that the cherry flavored chip packaging still incorporates the polka dot background.

12. In 2011, Log House began to also sell its branded semi-sweet chocolate chips to Wal-Mart. Log House's products are priced significantly lower than the products of national brands like Nestlé, which allows Wal-Mart to offer them to consumers at a lower price point.

13. In mid-November 2011, Log House received correspondence from counsel for Nestlé, dated November 14, 2011. A copy of that correspondence is attached hereto as **Exhibit D** and by reference made a part hereof. The November 14, 2011 letter from Nestlé's counsel alleges that Nestlé holds trade dress rights on the design of the packaging used by Nestlé in connection with its baking chips and morsels. According to Nestlé, Log House's sale of "its semi-sweet chocolate chips in similar yellow packaging . . . to the same consumers, in the same stores will inevitably cause consumer confusion" and constitutes an infringement of Nestlé's claimed trade dress rights.

14. Nestlé's November 14, 2011 letter also suggests that use of the LOG HOUSE® marks on Log House's semi-sweet chocolate packages either independently infringes Nestlé's TOLL HOUSE® marks or contributes to the alleged trade dress infringement.

4

15.  Finally, Nestlé's November 14, 2011 letter states that Nestlé will seek any and all available remedies for Log House's alleged infringement, including the Lanham Act remedies described in the letter. However, the letter states that Nestlé would be "willing to stand down from protecting its rights through litigation" if Log House agrees to immediately and permanently change the packaging of its baking chips.

16.  Log House has engaged in subsequent communications with Nestlé's counsel. Nestlé's trade dress and trademark contentions appear to center on Log House's use of any hue of yellow in connection with packaging of Log House's baking chips. On information and belief, Nestlé has over the years utilized various package designs for its semi-sweet chocolate chips and morsels, many of which designs contain features that are materially different in color and shape from its current alleged "trade dress."

17.  Nestlé's baking chip packaging has not caused the non-functional features thereof to acquire secondary meaning. Use by others, including Log House, of baking chip packaging in different hues of yellow and other colors to functionally identify the contents thereof have further made it impossible for any color to take on secondary meaning for any particular manufacturer of baking chips.

18.  The design of Nestlé's packaging, including its use of a yellow color, does not constitute protectable trade dress, trademark, or other right against Log House, yet Nestlé continues to threaten suit against Log House.

19.  Log House does not infringe any Nestlé alleged trade dress, trademarks, or other rights.

20.  Nestlé is further barred from claiming that Log House infringes Nestlé trade dress, trademark, and/or other rights by application of the doctrines of estoppel, laches, waiver

5

DOCS-#3599422-v1

and third-party usage, by the applicable statutes of limitation, and by related legal and equitable principles.

21. Furthermore, there has not been, nor is there any future likelihood of, consumer confusion with respect to the source of Log House's products, to any association or affiliation between Log House and Nestlé, or to any endorsement by Nestlé of Log House products. Log House always conspicuously uses its own trademark to identify its baking chip products.

22. During communications between the parties, Nestlé has further asserted that Log House must change its packaging for butterscotch flavored chips and morsels in addition to its packaging for semi-sweet chocolate chips or Nestlé "will be forced to stop it with judicial intervention." A copy of that e-mail is attached hereto as **Exhibit E** and by reference made a part hereof. Other e-mails similarly assert Nestlé's intention to sue Log House if Log House does not capitulate to Nestlé's demand that Log House cease continued use of baking chip packaging that employs any type of yellow color and/or a window that shows the products inside the package.

## COUNT ONE
### Declaratory Judgment of No Trade Dress Infringement

23. Log House incorporates by reference each and every allegation set forth above as though fully set forth herein.

24. An actual and justiciable controversy now exists between Log House and Nestlé as to their respective rights and responsibilities with regard to the packaging used by Log House for its baking chips, including the use of such packaging in its advertising and marketing. Nestlé asserts that Log House's packaging infringes Nestlé's trade dress. Log House alleges that Nestlé does not have protectable or enforceable trade dress and, in any event, there is no infringement.

Log House further asserts that Nestlé is barred by its prior conduct from asserting trade dress infringement claims against Log House.

25.   A judicial determination is necessary and appropriate at this time under the circumstances in order to afford relief from the uncertainty that has been created by Nestlé's claims.

26.   Plaintiff Log House is entitled to and requests a declaratory judgment ruling that it does not infringe Defendant Nestlé's alleged trade dress and granting Log House all other declaratory relief to which it may be entitled.

## COUNT TWO
### Declaratory Judgment of Non-Infringement of Trademarks

27.   Log House incorporates by reference each and every allegation set forth above as though fully set forth herein.

28.   Log House has not infringed any of Nestlé's registered or unregistered trademarks through its baking chip packaging or otherwise.

29.   An actual and justiciable controversy now exists between Log House and Nestlé as to their respective rights and responsibilities with regard to the actions of Log House in connection with sales of its baking chips, including the use of trademarks in its advertising and marketing of its baking chips. Nestlé asserts that Log House's packaging infringes Nestlé's trademarks. Log House alleges that there is no infringement. Log House further asserts that Nestlé is barred by its prior conduct from asserting trademark infringement claims against Log House.

30.   A judicial determination is necessary and appropriate at this time under the circumstances in order to afford relief from the uncertainty that has been created by Nestlé's claims.

DOCS-#3599422-v1

31. Plaintiff Log House is entitled to and requests a declaratory judgment ruling that it does not infringe Defendant Nestlé's alleged trademarks and granting Log House all other declaratory relief to which it may be entitled.

## COUNT THREE
### Declaratory Judgment of No Unfair Competition

32. Log House incorporates by reference each and every allegation set forth above as though fully set forth herein.

33. Log House has not violated 15 U.S.C. §1125(a) or (c) or any other alleged federal, State, or common law rights of Nestlé's by its packing, advertising, marketing and other sales and offers for sale of its baking chips.

34. An actual and justiciable controversy now exists between Log House and Nestlé as to their respective rights and responsibilities with regard to the actions of Log House in connection with sales of its baking chips, including how it advertises and markets its baking chips.

35. A judicial determination is necessary and appropriate at this time under the circumstances in order to afford relief from the uncertainty that has been created by Nestlé's claims.

36. Plaintiff Log House is entitled to and requests a declaratory judgment ruling that it does not violate 15 U.S.C. §1125(a) or (c) or any other alleged federal, State, or common law rights of Nestlé's and granting Log House all other declaratory relief to which it may be entitled.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Log House Foods, Inc. prays for judgment in its favor, and against Defendant Nestlé USA, Inc., as follows:

A.  For judicial declarations that no valid or enforceable trade dress of Nestlé's has been infringed by Log House, that no valid or enforceable trademark of Nestlé's has been infringed by Log House, and that Log House has not violated 15 U.S.C. §1125(a) or (c) or any other alleged federal, State, or common law rights of Nestlé's;

B.  For the recovery of Log House's full costs and reasonable attorneys' fees incurred as a consequence of having to bring this action; and

C.  For such additional and further necessary or proper relief, in law or in equity, as this Court may deem just and equitable.

**LINDQUIST & VENNUM, P.L.L.P.**

Dated: December 6, 2011

By: s:\ Bruce Little
Bruce Little, #17421x
John Laravuso, #259123
Mark R. Privratsky, #275104
4200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 371-3211
(612) 371-3207 – Facsimile

Attorneys for Plaintiff Log House, Inc.